Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah A. Monroe-Nnoli;<br><br>Plaintiff,<br><br>v.<br><br>Autovest, LLC; and Fulton, Friedman &Gullace, LLP;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt, Defendants intentionally engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises

under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.
4. Plaintiff is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Autovest, LLC is a Michigan limited liability company registered to do business within the state of Arizona.
7. Autovest regularly uses the courts in Arizona to collect consumer debts.
8. Autovest collects or attempts to collect debts which it claims to have purchased or to have been assigned after default.
9. Autovest is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant Fulton, Friedman & Gullace, LLP ("FFG") is a New York limited liability partnership with offices in Arizona.
11. FFG is a consumer debt collection law firm that regularly collects or attempts to collect debts owed or asserted to be owed or due another, from residents within the State of Arizona.
12. FFG is a "debt collector" as that term is defined by FDCPA § 1692a(6).
13. FFG's collection actions taken against Plaintiff were taken on behalf of, and as agent for, Autovest.

## IV. Factual Allegations

14. In or about 2007, Plaintiff entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement ("RISC") with Peoria Kia in order to purchase a 2007 Kia Spectra.
15. The purchase of the Kia, and the underlying debt, were incurred for personal, family, or household purposes.
16. The RISC was subsequently assigned to Wells Fargo Bank, N.A.
17. In or about 2009, Plaintiff was unable to continue to make payments to Wells Fargo due to medical conditions which prevented her from working.
18. Sometime before July 15, 2009, Plaintiff voluntarily allowed the repossession of the Kia by Wells Fargo.
19. Upon information and belief, Wells Fargo sold the Kia and claimed a deficiency balance owing.
20. Autovest claimed to have purchased Plaintiff's Well Fargo contract sometime prior to March 31, 2014.
21. Autovest hired FFG to assist it in collecting the claimed deficiency balance from Plaintiff.
22. On March 31, 2014, FFG filed suit on behalf of Autovest against Plaintiff in the Maricopa County Superior Court in an attempt to collect the alleged deficiency balance from Plaintiff.
23. At the time Defendants filed their suit, the debt was stale and past the statute of limitations.
24. At the time Defendants filed their suit against Plaintiff, they knew, or should have known, that the debt was stale and past the statute of

1 limitations.

2 25. Despite knowing that their claim was stale, Defendants continued to
3 pursue the lawsuit against Plaintiff.

4 26. As a result of Defendants' actions as outlined above, Plaintiff has
5 suffered actual damages including, but not limited to, anxiety, worry,
6 invasion of privacy, loss of opportunity, damage to credit and reputa-
7 tion, and other extreme emotional distress.

8 27. Defendants' actions as outlined above were intentional, willful, and in
9 gross or reckless disregard of Plaintiff' rights, and part of Defendants'
10 persistent and routine practice of debt collection.

11 28. In the alternative, Defendants' actions were negligent.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

14 29. Plaintiff repeats, realleges, and incorporates by reference the foregoing
15 paragraphs.

16 30. Defendants' violations of the FDCPA include, but are not necessarily
17 limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8),
18 1692e(10), 1692f, and 1692f(1).

19 31. As a direct result and proximate cause of Defendants' actions in viola-
20 tion of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

1  a)  Actual damages under the FDCPA;

2  b)  Statutory damages under the FDCPA;

3  c)  Costs and reasonable attorney's fees pursuant to the FDCPA; and

4  d)  Such other relief as may be just and proper.

DATED  March 27, 2015 .

  s/ Floyd W. Bybee  
Floyd W. Bybee, #012651  
**BYBEE LAW CENTER, PLC**  
90 S. Kyrene Rd., Ste. 5  
Chandler, AZ 85226-4687  
Office: (480) 756-8822  
Fax: (480) 302-4186  
floyd@bybeelaw.com  

Attorney for Plaintiff